FILED

April 12th, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:21 PM



## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **ZECHARIAH HARRIS** | ) | Docket No. 68533-2014 |
| **Employee,** | ) | |
| | ) | State File No. 2014-06-0018 |
| **v.** | ) | |
| | ) | Date of Injury: July 23, 2014 |
| | ) | |
| **SUBWAY,** | ) | Judge Joshua Davis Baker |
| **Employer,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ZURICH NORTH AMERICA,** | ) | |
| **Insurance Carrier.** | ) | |
| | ) | |

## ORDER GRANTING SUBWAY'S MOTION TO DISMISS

The Court convened telephonically on March 14, 2016, for hearing of a Motion to Dismiss filed by the employer, Subway, pursuant to Rules 37.02 and 41.02 of the Tennessee Rules of Civil Procedure. In its Motion, Subway argued that the claim should be dismissed because Zechariah Harris failed to comply with the Court's Initial Hearing Order entered on November 18, 2015, and the Court's Order Granting Subway's Motion to Compel Discovery entered on January 26, 2016. Subway also cited Mr. Harris' failure to prosecute his claim in general as grounds for dismissal. For the reasons provided, the Court grants Subway's motion and dismisses Mr. Harris' claim.

### Relevant Factual Background

Mr. Harris is a thirty-two-year-old resident of Davidson County, Tennessee, who worked for Subway preparing sandwiches. Mr. Harris claimed he suffered a spider bite at work and reported the injury. Subway denied the claim, and Mr. Harris sought medical care on his own at Meharry Medical Center. He then filed a Petition for Benefit Determination on August 28, 2014, seeking medical and temporary disability benefits.

1

The parties failed to settle the temporary benefits issue at mediation, and the Mediating Specialist filed a Dispute Certification Notice vesting jurisdiction in this Court. Mr. Harris has been lax in pursuing his claim. He failed to file a Request for Hearing within sixty days of the filing the Dispute Certification Notice's issuance, so the Court set the claim for a show cause hearing. At the show cause hearing, Mr. Harris stated he failed to request a hearing due to communication problems with the insurance adjuster. The Court granted Mr. Harris additional time to request a hearing; he filed a Request for Expedited Hearing on May 8, 2015, and an amended Request for Expedited Hearing with an affidavit on July 8, 2015.

The Court held an Expedited Hearing on August 19, 2015, and Mr. Harris and counsel for Subway both appeared. Mr. Harris testified at the hearing but called no other witnesses. He testified he developed cellulitis from a spider bite but provided no medical proof to support his theory. On September 8, 2015, the Court issued an order finding that Mr. Harris was not entitled to temporary disability or medical benefits:

> Meharry diagnosed him with cellulitis of the right finger after admitting him to the hospital to treat his swollen hand. Mr. Harris, however, presented none of the medical records from this hospital visit that would indicate what caused him to develop cellulitis. Although it is not necessary for Mr. Harris to prove medical causation in order to receive temporary medical benefits, *See McCord*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *17-19, the information contained in the records may have helped the Court to better understand exactly what caused Mr. Harris' hand to swell, especially in light of his nonspecific testimony about the injury causing event. Based on the evidence before it at this time, the Court does not find that Mr. Harris is likely to prevail at a hearing on the merits.

After the Court denied his request for temporary disability and medical benefits, the Court convened an Initial Hearing via telephone on October 13, 2015, to prepare a scheduling order and set the case for a Compensation Hearing. Subway's attorney, Margaret Noland, called the teleconference line and participated in the hearing; Mr. Harris did not.

At the Initial Hearing, Ms. Noland informed the Court she requested a HIPAA release so she could obtain Mr. Harris' medical records from Meharry. She stated Mr. Harris refused to provide the release. The Court issued an order continuing the Initial Hearing until November 17, 2015, ordered Mr. Harris to provide Subway with a HIPAA release to procure his medical records, and freed the parties to exchange written discovery. Additionally, in its Order, the Court admonished Mr. Harris that his lack of participation could result in the dismissal of his claim for failure to prosecute.

2

On November 17, 2015, the Court reconvened the Initial Hearing via teleconference. Mr. Harris and Ms. Noland participated in the teleconference. At the conclusion of the Initial Hearing, the Court issued an Initial Hearing Order outlining the parties' pretrial responsibilities and setting the case for a Compensation Hearing. That same day Subway served interrogatories and requests for production of documents on Mr. Harris via United States mail, postage prepaid. Mr. Harris failed to respond to Subway's discovery requests.

On December 22, 2015, Subway sent Mr. Harris a letter asking that he provide discovery responses by January 4, 2016. Mr. Harris failed to respond, and Subway filed its Motion to Compel Discovery. The Court ordered Mr. Harris to provide responses to Subway's discovery requests by February 2, 2016. Mr. Harris failed to comply with the order.

On February 9, 2016, Subway filed its Motion to Dismiss for Mr. Harris' failure to respond to Subway's discovery requests and failure to comply with this Court's Order Compelling Discovery. The Court notified Mr. Harris to appear by telephone on March 14, 2016, for the hearing of Subway's Motion to Dismiss. Mr. Harris failed to call in, prompting the Court to telephone him at the number he provided. Mr. Harris did not answer the call from the Court, and the hearing proceeded without him in attendance. During the hearing, Subway argued this Court should dismiss Mr. Harris' claim due to his failure to comply with this Court's orders in violation of Rule 37.02 of the Tennessee Rules of Civil Procedure and his failure to comply with Court rules or prosecute his claim according to Rule 41.02.

## Analysis

Rule 37.02 of the Tennessee Rules of Civil Procedure Rule provides that when a party "fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . .(C) An order . . . dismissing the action or proceeding [.]" Additionally, "for failure of the [employee] to prosecute or to comply with these rules or any order of course, the [employer] may move for dismissal of an action or of a claim against the defendant." Tenn. R. Civ. P. Rule 41.02(1).

This case is set for a Compensation Hearing on June 15, 2016. To have an effective hearing, Mr. Harris must participate in the discovery process. Mr. Harris failed to obey two Court orders concerning discovery; he failed to comply with the January 15, 2016 deadline for completion of written discovery contained in the Initial Hearing Order, and he failed to comply with the Court's January 26, 2016 Order Compelling Discovery.

In addition to failing to comply with the Orders, Mr. Harris did not answer Subway's Motion to Compel Discovery and Motion to Dismiss, and failed to call the

3

teleconference line to participate in the hearings of these motions. Although Mr. Harris is representing himself in this action, he still must comply with Court orders and must take action to pursue his claim. The burden on Mr. Harris was not high; he only needed to provide answers to discovery or, at the very least, participate in telephonic motion hearings and provide a reason why he failed to answer discovery.

Subway has a right to discovery in this case. Because Mr. Harris refused to provide discovery and ignored orders from this Court requiring that he do so, the Court finds Subway's Motion to Dismiss well-taken and grants the motion. The Court dismisses Mr. Harris' claim with prejudice.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Harris' claim against Subway for workers' compensation benefits is dismissed with prejudice pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure.

2. The Court assesses the $150 filing fee in this claim to Subway and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 (2015) of the Mediation and Hearing Rules of the Tennessee Bureau of Workers' Compensation. Subway or its insurance carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

3. **Unless an appeal of is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty days.**

**ENTERED ON THIS THE 12TH DAY OF APRIL, 2016.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

4

2. File the completed form with the Court Clerk *within thirty days* of the date the Workers' Compensation Judge entered the Compensation Order.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen (15) calendar days to submit briefs to the Appeals Board for consideration. See Tenn. Comp. R. & Regs. 080002-22-.02(3).

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Order on Employer's Motion to Dismiss was sent to the following recipients by the following methods of service on this the __12th__ day of April, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|------|------|------|------|------|------|
| **Zechariah Harris** | x | | | | x | 83 Lutie Street, Nashville, TN 37210 zach81harris@gmail.com |
| **Margaret Noland** | | | | | x | mnoland@wimberlylawson.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6